# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

FREDERICK E. JONES,

    Petitioner,

v.

FRANK BISHOP, JR., *Warden*, and
ATTORNEY GENERAL OF MARYLAND,

    Respondents.

Civil Action No. TDC-16-1660

## MEMORANDUM OPINION

Petitioner Frederick E. Jones, an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 while he was incarcerated at North Branch Correctional Institution in Hagerstown, Maryland. The Petition collaterally attacks Jones's 2006 conviction for attempted first-degree murder and related offenses in the Circuit Court for Howard County, Maryland. Respondents have filed a Limited Answer, seeking dismissal of the Petition as time-barred. Jones has filed a Reply. Having considered the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6; *Fisher v. Lee*, 215 F.3d 438, 454–55 (4th Cir. 2000). For the reasons set forth below, the Petition is DISMISSED as time-barred.

## BACKGROUND

On October 12, 2006, a jury in the Circuit Court for Howard County found Jones guilty of attempted first-degree murder, first-degree assault, and violating a protective order. On December 13, 2006, the Circuit Court sentenced Jones to life imprisonment plus 90 days.

Jones appealed. On August 22, 2008, the Court of Special Appeals of Maryland affirmed his convictions and sentences in an unreported opinion. *Jones v. State*, No. 2445 (Md. Ct. Spec. App. Aug. 22, 2008). The mandate issued on September 22, 2008. Jones did not pursue further review of this decision in the Court of Appeals of Maryland. Thus, his judgment of conviction became final 15 days later on Tuesday, October 7, 2008. *See* Md. Rule 8–302(a) (West 2018) (requiring that a certiorari petition be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

Separately, Jones filed a Motion for Reconsideration of Sentence on February 27, 2007, which the Circuit Court denied on March 27, 2007. On May 18, 2009 and June 5, 2009, Jones filed two Motions for Reconsideration of Review of Sentence, which were denied on June 17, 2009.

On October 17, 2014, Jones filed a Petition for Post-Conviction Relief in the Circuit Court for Howard County. The Circuit Court held a hearing on July 1, 2015 and denied the Petition on October 5, 2015. The Court of Special Appeals denied Jones's Application for Leave to Appeal in an unreported opinion filed on March 22, 2016. *Jones v. State*, No. 1975 (Md. Ct. Spec. App. Mar. 22, 2016). The mandate issued on April 25, 2016. Jones filed the instant Petition for federal *habeas* relief on May 20, 2016. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

## DISCUSSION

Respondents argue in their Limited Answer that the Petition should be dismissed as time-barred because it was filed after the expiration of the one-year limitations period established under 28 U.S.C. § 2244(d). Respondents assert that after Jones's convictions became final on direct

appeal and his motions for reconsideration of his sentence were denied, more than five years passed before he filed the Petition for Post-Conviction Relief. Specifically, between June 17, 2009 and October 17, 2014, there were no pending state post-conviction or other collateral review proceedings. Respondents also argue that Jones provides no basis for equitable tolling of the limitations period.

I. **Legal Standard**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). Such a petition is subject to the following statutory limitations period:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending, *see id.* § 2244(d)(2), and may be equitably tolled, *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).

3

## II. Timeliness

The relevant standard for assessing timeliness here is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Jones did not seek further review of the Court of Special Appeals' denial of his direct appeal. Thus, his judgment of conviction became final for the purpose of direct appeal on Tuesday, October 7, 2008. *See* Md. Rule 8–302. After his final Motion for Reconsideration of Sentence was denied on June 17, 2009, *see Mitchell v. Green*, __ F.3d __, 2019 WL 1645788, at *6 (4th. Cir. Apr. 17, 2019) (holding that a Motion to Reduce Sentence under Maryland Rule 4–345 tolls the limitations period), more than five years elapsed before he filed his Petition for Post-Conviction Relief on October 17, 2014. Under these facts, the Petition is untimely.

## III. Equitable Tolling

Under certain circumstances, the statute of limitations for *habeas* petitions may be subject to equitable tolling. *See, e.g., Harris*, 209 F.3d at 329–30; *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondent that prevented the petitioner from filing on time, or that there were "extraordinary circumstances" beyond the petitioner's control or external to the petitioner's own conduct that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Jones, who identifies himself as a native of Trinidad and Tobago, asserts that the Petition should not be dismissed as time-barred because he cannot read or write English well and was never offered a translator to explain the law to him. Jones generally claims that he received ineffective assistance of counsel at every stage of the judicial process and notes that his state post-conviction counsel argued only the issues presented in the petition he filed with the assistance of his "jail house lawyer." Reply 1–2, ECF No. 8.

Circuits are split on whether a petitioner's difficulty with the English language could provide a basis for equitable tolling of the one-year limitations period. *Compare Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."), *and Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (finding that a petitioner's "illiteracy" did not amount to an extraordinary circumstance sufficient to warrant equitable tolling), *with Pabon v. Mahanoy*, 654 F.3d 385, 399–401, 401 n.24 (3d Cir. 2011) (holding that a petitioner's inability to read or understand English combined with the denial of access to translation constituted extraordinary circumstances to trigger equitable tolling), *and Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (holding that a lack of access to Spanish-language legal materials and the assistance of a translator may entitle a petitioner to equitable tolling). The United States Court of Appeals for the Fourth Circuit has not ruled explicitly on whether a petitioner's inability to read or write English could warrant equitable tolling, but in *Sosa*, the Fourth Circuit held that a petitioner's "language difficulties" did not justify equitable tolling where "the record flatly refutes the argument." *Sosa*, 364 at 512–13. The record showed that not only had Sosa stated in his Presentence Investigation report that he considered his English skills to be "excellent," but the complexity and lucidity of his numerous court filings, all

written in English, foreclosed a finding of a lack of language proficiency that could justify equitable tolling. *Id.* at 513.

Here, the record reveals that language difficulties did not prevent Jones from filing two post-conviction Motions for Reconsideration to Review Sentence and a timely state Petition for Post-Conviction Relief. These filings, as well as the filings submitted with the Petition, demonstrate Jones's ability to file his claims by himself or to secure meaningful assistance to do so. Notably, Jones's Reply to Respondents' Limited Answer is cogent and written in standard English. Jones has otherwise provided no details explaining how difficulties with the English language prevented him from filing the Petition within the one-year limitations period despite his best efforts. *See Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."). The Court therefore finds that Jones has not satisfied his burden to show that any language challenges posed extraordinary circumstances warranting equitable tolling of the statutory deadline. *See Sosa*, 364 at 512–13.

Jones's broader claim that ineffective assistance of counsel warrants equitable tolling also fails. Ordinary attorney negligence is insufficient to justify tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 652 (2010), *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction . . . ."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (quoting *Holland*, 560 U.S. at 644). Here, Jones has alleged no facts to establish such egregious abandonment. Rather, he alleges only a lack

of familiarity with the law and a need for assistance to prepare a *habeas* petition, constraints that are shared by most self-represented habeas petitioners and do not amount to extraordinary circumstances for equitable tolling. Accordingly, the Court finds no grounds to apply equitable tolling in this case.

## IV. Certificate of Appealability

When the district court dismisses or denies a petition for a writ of habeas corpus, an inmate may appeal the ruling only upon the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Jones fails to satisfy this standard, the Court declines to issue a certificate of appealability. Jones may still request that the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: April 25, 2019

THEODORE D. CHUANG
United States District Judge